George A. Mugler, Executor, Appellant, v. James H. Hirsch, trading as James H. Hirsch & Company, Appellee.

### Gen. No. 19,578.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with judgment here and finding of fact. Opinion filed June 9, 1914.

## Statement of the Case.

Action by George A. Mugler, as executor of the last will and testament of Marie Hirsch, deceased, against James H. Hirsch, doing business as James H. Hirsch & Company, to recover on a promissory note for $1,500 payable to the order of Jacob L. Hirsch three years from April 26, 1909. Jacob L. Hirsch died in 1909, leaving Marie Hirsch as his sole heir, and among his assets was the promissory note in question. In April, 1911, Marie Hirsch also died, and left among her assets said note and her executor brings this suit thereon. Defendant filed an affidavit of merits claiming that there was nothing due "in excess of $516," whereupon judgment was entered for that sum, and the cause proceeded to trial without a jury as to the remainder alleged to be due. Proof having been received of payment of the balance due, the court found in favor of defendant and rendered judgment against plaintiff for costs. To reverse the judgment plaintiff appeals.

GEORGE F. BORMAN, for appellant.

ARND & ARND, for appellee; FREDERICK ARND, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 95*—*when party incompetent in suit by executor*. In an action by the executor of an heir on a promissory note executed by the defendant and made payable to the ancestor, where the defendant, over objection of plaintiff as to his competency, was permitted to testify that he had made payment to the ancestor in different instalments from time to time prior to his death, *held* that defendant came within the express language of section 2, ch. 51, R. S., J. & A. ¶ 5519, inhibiting a party to a civil action from testifying in his own behalf, where an adverse party sues as an executor of a deceased party.

2. PAYMENT, § 28*—*when testimony of bookkeeper inadmissible to prove*. In an action on a promissory note, testimony of defendant's bookkeeper that she saw payments made and made entries thereof in defendant's books at his direction, but she did not know for what purpose the payments were made, *held* improperly admitted.

3. JUDGMENT, § 428*—*when judgment for sum admitted to be due not res adjudicata as to matters reserved for hearing*. In an action on a promissory note, where judgment was entered for plaintiff for a sum admitted in defendant's affidavit to be due, and the cause proceeded to trial as to the remainder, *held* that the judgment for the amount admitted to be due was not *res adjudicata* on the question of the balance claimed to be due.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.